UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAMES KUYKENDALL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-cv-219 |
| AMAZON STUDIOS, LLC, HECTOR BERRELLEZ, JOHN MASSARIA, GOOD PIXEL PRODUCTIONS, TILLER RUSSELL, and THE INTELLECTUAL PROPERTY CORPORATION, | § § § § § § § § | |
| Defendants. | § | |

**PARTIES' JOINT REPORT REQUIRED BY FED. R. CIV. P. 26(F) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Plaintiff James Kuykendall ("Plaintiff") and Defendants Amazon Studios LLC ("Amazon"), Hector Berrellez, John Massaria, Tiller Russell, and IPC Television, LLC ("IPC," sued herein as "The Intellectual Property Corporation") (collectively "Defendants" and, with Plaintiff, the "Parties"), by and through their undersigned counsel, file this Joint Report required by Fed. R. Civ. P. 26(f) and Joint Discovery/Case Management Plan.

Preliminary Matters

1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and / or parties who participated in the conference.

**On March 23, 2021, counsel for the parties met and conferred via Zoom in accordance with Rule 26(f). Participating for the Plaintiff were F. Franklin Amanat and Megan McKenzie of DiCello Levitt Gutzler. Participating for Amazon Studios LLC were Alonzo Wickers IV and Diana Palacios of Davis Wright Tremaine. Participating for**

1

**the individually named Defendants were Cameron Stracher and Sara Tesoriero of the Law Offices of Cameron Stracher.  Participating for IPC were Laura Prather and Wesley Lewis of Haynes and Boone. Participating for all the Defendants except John Massaria was Gilberto Hinojosa of Hinojosa Law.**

2. List cases pending in this or any other district, along with the cause number and judicial district, that are related to this case.

**None.**

3. If another case is pending in this or any other district, can and should this case be consolidated with that case?

**N/A**

4. <u>Briefly</u> describe what this case is about.

**Plaintiff's Description: Plaintiff brought this diversity action against Defendants, seeking damages for defamation, intentional infliction of emotional distress ("IIED"), and invasion of his right of publicity. The case involves a four-part television series entitled "The Last Narc" ("the Show"), which was co-produced by Amazon, Russell, Massaria, and IPC, and involved Berrellez as its principal narrator. Amazon published the Show in 2020 on its worldwide Prime Video streaming platform. As alleged in the Complaint, the Show contains false and defamatory accusations against, and depictions of, Kuykendall in relation to the 1985 kidnapping and murder of DEA Special Agent Enrique "Kiki" Camarena. Specifically, the Show claims that Kuykendall received bribes from the Guadalajara Cartel, that he was present at Cartel meetings where Camarena's kidnapping was planned, that he actively abetted the execution of that plan, and that he deliberately sabotaged the trial of one of Camarena's murderers by lying for the Cartel.**

**Defendants' Description: This lawsuit arises from the four-episode documentary series *The Last Narc* (the "Series"), which examines DEA agent Enrique Camarena's abduction and murder at the hands of the Mexican drug cartels. IPC produced the Series and Amazon distributed the Series via its digital streaming service Prime Video. In his complaint, Plaintiff alleges claims for defamation, intentional infliction of emotional distress, and violation of his right of publicity arising from his portrayal in the Series. Defendants assert that Plaintiff has no viable claim against Defendants arising from the Series.**

5. What is Plaintiff's allegation of federal jurisdiction, or, if this case was removed, what is Defendant's allegation of federal jurisdiction?

**Diversity of citizenship, 28 U.S.C. § 1332.**

6. Does Defendant (or Plaintiff if this case was removed) agree or disagree with this allegation?

**Defendants agree that federal jurisdiction is premised on alleged diversity of citizenship under 28 U.S.C. § 1332.**

7. Does either party anticipate the need to add additional parties?

**No.**

8. If so, list any additional parties and when they can be added.

**N/A**

9. List any anticipated interventions.

**None.**

10. Are there any issues in this case that may raise class allegations or class action issues? **No.**

Discovery

11.     The conference required by Rule 26(f) was held on _____, at _____. Counsel / Parties who participated in the conference: _____ for Plaintiff(s) _____, _____ for Defendant(s) _____.

**See No. 1 above.**

12.     Describe the proposed discovery plan agreed upon at the Conference. Include the following:

   A.     What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).

**All parties agree to serve initial disclosures pursuant to Rule 26(a) by April 28, 2021. No changes will be made to the form or requirements set forth in Rule 26(a).**

   B.     When and to whom Plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates serving separate sets of interrogatories on Defendants Amazon, Berrellez, Russell, Massaria, and IPC. Given the complexity of the case, and the range of issues to cover, Plaintiff intends to seek leave to exceed the number of interrogatories permitted under Rule 33(a) by ten for each defendant, so that it may propound up to 35 interrogatories per defendant. Plaintiff anticipates serving these interrogatories shortly after the initial conference and by no later than May 31, 2021.**

   C.     When and to whom Defendant anticipates it may send interrogatories.

**If the Court denies the pending Motion to Dismiss / Motion to Transfer Venue, Defendants anticipate serving interrogatories on Plaintiff within thirty days following the Court's decision.**

**Separately, Defendants do not agree that this case is complex and at this time, Defendants do not anticipate that the parties will require additional interrogatories under Rule 33(a).**

D. Of whom and by what date Plaintiff anticipates taking oral depositions.

**Given the complexity of the case and the number of witnesses involved, Plaintiff will seek leave to allow each side to exceed by five the number of depositions allowed by Rule 30(a)(1)(A)(i), so that each side can take up to 15 depositions, not including expert depositions. Plaintiff anticipates taking fact depositions of the following parties: Amazon (30(b)(6)), IPC (30(b)(6)), Berrellez, Russell, and Massaria. Plaintiff anticipates taking fact depositions of the following non-parties: Ramon Lira, Jorge Godoy, Rene Lopez, Manny Medrano, Mike Holm, Phil Jordan, Cameron Stracher. Plaintiff intends to take up to three other fact depositions of other party and non-party witnesses emerging from document discovery. Plaintiff plans to begin depositions as soon as document discovery has been substantially completed, most likely by late summer to early fall 2021.**

E. Of whom and by what date Defendant anticipates taking oral depositions.

**If the Court denies the pending Motion to Dismiss / Motion to Transfer Venue, Defendants anticipate taking the deposition of Plaintiff after Plaintiff's document production is completed. Defendants also anticipate taking the depositions of Plaintiff's damages and fact witnesses, as identified in Plaintiff's initial disclosures, and additional third-party witnesses.**

5

**Separately, Defendants do not agree that this case is complex and at this time, Defendants do not anticipate requiring more than the number of depositions permitted under the Federal Rules.**

F.   When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiff's position**:   **by March 31, 2022**

**Defendants' position:  Thirty days after Plaintiff has identified his expert, and provided his expert report.**

G.   List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Fed. R. Civ. P. 26(a)(2)(B).

**Assuming availability, Plaintiff will complete depositions of Defendants' experts within 30 days after receiving Defendants' responsive expert reports.**

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date.  *See* Rule 26(a)(2)(B).

**Assuming availability, Defendants will complete depositions of Plaintiff's experts within 30 days after receiving Plaintiff's initial expert reports, if any, and within 30 days after receiving Plaintiff's responsive expert reports, if any.**

13.   If the parties do not agree on any portion of the discovery plan, describe the separate views and proposals of each party.

**Defendants' position:  All discovery should be stayed until the Court has ruled on the pending Motion to Dismiss / Motion to Transfer Venue.  Amazon Studios intends to join the Motion to Transfer Venue, and will join a motion to stay discovery.**

6

**Plaintiff's position:** There is no legal or factual basis to stay discovery pending a ruling on Defendants' dispositive/transfer motion, which motion completely lacks merit. Even assuming such a stay motion had any legitimate basis, only some defendants have moved to dismiss, and even fewer have moved to transfer. There is no reason to stay discovery against Amazon, which has not moved for dismissal or transfer, or to stay discovery from third parties. Nor is there a reason to stay discovery when at least part of this case will definitely remain and be tried in this district, even if the motion has merit. Even assuming one or more moving defendants obtains dismissal, they will still be subject to the same discovery (with the possible exception of interrogatories) as non-parties. And a venue transfer motion does not provide a basis for a stay because even if it had merit there is no reason discovery cannot begin in one district and continue in another after transfer.

14. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

15. State the date the planned discovery can reasonably be completed.

**Plaintiff's position**: **June 30, 2022.**

**Defendants' position:  9 months after decision on pending motions, if denied.**

Settlement and Trial Alternatives

16. Describe the possibilities of settlement or alternative dispute resolution that were discussed at the Rule 26(f) meeting.

**The parties discussed settlement at the March 24 Rule 26(f) meeting but did not make any progress. Plaintiff made a settlement demand, which Defendants have declined.  The parties expressed a willingness to participate in mediation at the close of discovery**.

17. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Plaintiff's position:** **Plaintiff has made settlement demands to Defendants and has expressed a desire to continue discussing settlement with Defendants in order to bring about a prompt resolution. Plaintiff is prepared to move through discovery as quickly as possible and has opposed Defendants' suggestions that discovery be stayed during the pendency of their motion to dismiss. Plaintiff views Defendants' motion to dismiss or transfer venue and their anticipated stay motion as dilatory, completely lacking in merit, and an unfortunate waste of the Court's and the parties' time.**

**Defendants' position: The pending Motion to Dismiss / Motion to Transfer Venue should streamline this case and/or bring all or part of this case to prompt resolution. Further, a stay of discovery pending resolution of that motion will preserve judicial and party resources.**

18. From the attorneys' discussions with their respective clients, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**The parties expressed a willingness to participate in mediation at the close of discovery. Plaintiff also expressed a willingness to submit to mediation before the Magistrate Judge.**

19. The parties may jointly consent to a Magistrate Judge conducting any and all proceedings in any jury or nonjury civil matter, including hearing a jury or nonjury trial, and order the entry of judgment in the case. Will the parties consent to a Magistrate Judge conducting all proceedings in this case, including trial and disposition of the case?

**Respectfully, no.**

20. State whether a jury demand has been made and if it was made on time.

**Yes and yes**.

21. In the event of a trial, how many **hours** will it take to try this case?

**Plaintiff estimates that presentation of his case-in-chief and rebuttal case at trial will take approximately 50-60 trial hours, or approximately two weeks.**

**Defendants anticipate that presentation of their case will take approximately five trial days.**

Additional Conference Items

22. Counsel are charged with knowledge of the Local Rules of the United States District Court for the Southern District of Texas, which are available at: http://www.txs.uscourts.gov/sites/txs/files/2018%20Local%20Rules.pdf. Have all counsel reviewed those local rules prior to completion of this Report? **Yes.**

Counsel are also charged with knowledge of the Honorable Marina Garcia Marmolejo's Court Procedures in Civil Cases, which are available at: https://www.txs.uscourts.gov/sites/txs/files/Civ_MGM_July2017.pdf. Have all counsel reviewed those rules prior to completion of this Report? **Yes.**

23. If there are any motions pending before the Court at this time, list them.

**Defendants Berrellez, Massaria, Russell, and IPC have moved to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction; in the alternative, Defendants Berrellez, Russell, and IPC have moved to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a), a motion which Defendant Amazon Studios intends to join.**

24. Can any of these motions be ruled upon at the Initial Pretrial and Scheduling Conference? **No.**

25. Are there any other matters peculiar to this case, including discovery, that deserve special attention from the Court at the Initial Pretrial and Scheduling Conference?

**Plaintiff: (a) Given the Plaintiff's age (he is 84) and recent health challenges, and the length of time likely to elapse before trial, it may become necessary for the parties to conduct Plaintiff's deposition *de bene esse* in the manner of a deposition to perpetuate testimony under Rule 27, so that the parties may use the deposition as trial testimony as per Rule 32(a)(4); the parties will endeavor to work out a Rule 29 stipulation to address this issue. (b) Plaintiff intends to depose Cameron Stracher, who is counsel of record for several of the Defendants but is also a fact witness in the case. (c) Plaintiff also will seek in discovery information from the federal Drug Enforcement Administration ("DEA") that sheds light on the false and defamatory statements concerning him in the Show. Aside from the normal challenges and delays in obtaining third-party discovery from federal agencies, it is Plaintiff's understanding that DEA investigations into Agent Camarena's kidnapping and murder, and several related investigations, are still ongoing and active, as are various criminal appeals of individuals arrested and imprisoned over the course of earlier investigations. The ongoing nature of these investigations and legal proceedings may complicate or delay Plaintiff's ability to obtain information from the Government and may therefore require some flexibility in the discovery schedule. (d) Moreover, as discovery proceeds it may become necessary to depose and/or obtain information from one or more witnesses located in Mexico, which may require Plaintiff to seek letters rogatory or other appropriate procedures and which may also require some flexibility in the discovery schedule.**

**Defendants:** Plaintiff's stated intention to depose counsel for Massaria, Berrellez, and Russell is highly unusual and without merit. Mr. Stracher is no more of a "fact witness" than counsel for Plaintiff, and Plaintiff should not be permitted to depose Mr. Stracher.

**Defendants may also seek third-party discovery from federal agencies and individuals in Mexico, which may require some flexibility in the discovery schedule.**

26. List the names, Southern District of Texas bar numbers, addresses, and telephone numbers of all counsel. All counsel appearing for any hearing or identified as counsel of record on a pleading must either be licensed to practice in the Southern District of Texas or must file a motion to appear *pro hac vice*.

**For Plaintiff James Kuykendall**

F. Franklin Amanat (*pro hac vice*), Attorney in Charge
Greg G. Gutzler (*pro hac vice*)
Megan E. McKenzie (*pro hac vice*)
**DiCELLO LEVITT GUTZLER LLC**
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
(646) 933-1000

W. Mark Lanier
Texas Bar No. 11934600
Alex J. Brown
Texas Bar No. 24026964
S.D. Tex. Bar No. 30178
**THE LANIER LAW FIRM**
10940 W. Sam Houston Pkwy N.
Suite 100
Houston, Texas 77064
(713) 659-5200

**For Defendants IPC, Amazon, Russell, and Berrellez:**
Gilberto Hinojosa
SDN: 3425.
GILBERTO HINOJOSA AND ASSOCIATES
622 E. St. Charles
Brownsville, TX 78502
(956) 544-4128

**For Defendant IPC:**
Laura Lee Prather
SDN: 15442
Wesley D. Lewis
SDN: 3251642
HAYNES AND BOONE, LLP

11

600 Congress Avenue
Suite 1300
Austin, TX 78701
(512) 867-8476

**For Defendant Amazon:**
Alonso Wickers IV (admitted *pro hac vice*)
Diana Palacios (admitted *pro hac vice*)
Cydney Swofford Freeman (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017
(213) 633-6865

**For Defendants Russell, Berrellez and Massaria:**
Cameron Stracher (*admitted pro hac vice*)
LAW OFFICES OF CAMERON STRACHER
51 Astor Place, 9th Floor
New York, NY 10003
(646) 992-3850

27.     **Proposed Dates for Scheduling Order**.  Please review the proposed deadlines for many of the pretrial events listed below that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this Questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be issued following the Scheduling Conference will necessarily be more specific and detailed and will contain additional matters and discovery limitations. The Court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources in the Court's calendar.

| PRETRIAL EVENTS | COURT'S DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) Meeting | April 2, 2021 | March 24, 2021 |
| File Joint Case Management Plan | April 16, 2021 | April 16, 2021 |
| Rule 16(b) Scheduling Conference | May 13, 2021 at 11:00 a.m. | |
| Deadline for Parties to Exchange Rule 26(a)(1) Initial Disclosures | April 16, 2021 | April 28, 2021 |
| Deadline for Joinder of All Parties | | September 30, 2021 |
| Deadline to Serve Initial Discovery[1] | | Plaintiff: May 31, 2021<br>Defendants: 45 days after decision on pending motions, if denied. |
| Deadline to Designate Expert Witnesses[2] | Plaintiff:<br>Defendants: | March 31, 2022<br>30 days after designation of Plaintiff's expert. |
| Deadline to Amend the Pleadings (with consent of all parties or leave of Court) | Plaintiff:<br>Defendants: | December 31, 2021<br>N/a |
| Deadline to Complete All Discovery, including depositions of expert witnesses[3] | | Plaintiff: June 30, 2022<br>Defendants: 9 months after decision on pending motions, if denied. |
| Deadline for parties to Conduct Mediation | | Plaintiff: July 15, 2022<br>Defendants: 2 weeks following close of all discovery. |
| Deadline to File Dispositive Motions and to Exclude or Limit Expert Testimony | | Plaintiff: July 31, 2022<br>Defendants: 1 month following close of all discovery. |

---

[1] This deadline applies to serving a first set of interrogatories, requests for production, and other written discovery, but does not limit the parties from serving further requests prior to the discovery deadline.

[2] The parties shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) by these deadlines. The parties must file their lists of proposed expert witnesses with the Court by the designation deadline, but should **NOT** file reports or other discovery materials.

[3] A party must serve its written discovery requests in sufficient time for the responding party to serve its responses before this deadline. See Paragraph 7 of the Court's Order for Conference and Disclosure of Interested Parties.

| TRACK A – *If* No Dispositive Motions are Filed: | | |
|---|---|---|
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | Plaintiff: August 31, 2022 Defendants: 60 days following close of all discovery. |
| **TRACK B – *If* Dispositive Motions are Filed:** | | |
| Deadline to File Joint Pretrial Order, Motions in Limine, and Proposed Jury Instructions (or proposed findings of fact and conclusions of law) | | 30 days after decision on dispositive motions, if denied. |