United States District Court
Southern District of Texas
**ENTERED**
May 13, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **JAMES KUYKENDALL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-219 |
| | § | |
| **AMAZON STUDIOS, LLC, ET AL.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

    Before the Court is Defendants' Objections to Plaintiff's Notice of Correction. (Dkt. No. 63). Defendants assert that Plaintiff has improperly characterized his filing as a notice when it is actually a surreply filed without the required leave of court. (*Id.* at 1). Defendants request that the Court strike Plaintiff's notice of correction. (*Id.*). In the alternative, Defendants request that the Court grant them leave to file a response to Plaintiff's notice of correction. (*Id.*). The Court discussed Defendants' Objections with the parties at the Initial Pretrial and Scheduling Conference held on May 11, 2021.

    Generally speaking, a filing is considered a surreply if it addresses arguments that were raised for the first time in the reply brief. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). But Plaintiff's notice does not address Defendants' reply brief at all. (*See* Dkt. No. 62). Rather, Plaintiff's notice exclusively attempts to correct his inadvertent mischaracterization of certain facts that Plaintiff asserted in his response to the motion to dismiss, (Dkt. No. 53).

    Although leave to file a surreply is typically required, *see, e.g.* 11 James W. Moore, *Moore's Federal Practice - Civil* § 56.84 (Matthew Bender 3d ed. 2021), parties are not required to request leave when they correct mischaracterization made of nonsubstantive facts in a previous filing. This is because an attorney's duty of candor compels them to inform the Court of any misleading facts they may have asserted in support of an argument pending before the Court. *See, e.g.*, Fed. R. Civ. P. 11(b); Model Rules of Prof. Conduct R. 3.3(a) (Am. Bar. Ass'n 2020); Tex. Disciplinary R. Prof. Conduct R. (2019).

Defendant was therefore acting in accordance with his ethical obligations when he filed his notice.

Accordingly, the Court **OVERRULES** Defendants' Objections to Plaintiff's Notice of Correction, (Dkt. No. 63), and **DENIES** Defendants' request to strike the filing.

In the alternative, Defendants request leave to file a response to Plaintiff's Notice of Correction to address how the revised factual information may affect the Court's analysis of the personal jurisdiction issues raised in Defendants' Motion to Dismiss, (Dkt. No. 38). The Court deems this appropriate to receive additional briefing on this issue and **GRANTS** Defendants leave to file a response to Plaintiff's Notice of Correction. Defendants may file their response by **May 21, 2021**. Plaintiff may file a reply by **May 28, 2021**.

It is so **ORDERED**.

**SIGNED** on May 13, 2021.

John A. Kazen
United States Magistrate Judge