United States District Court
Southern District of Texas
**ENTERED**
August 12, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAMES KUYKENDALL, | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 5:20-CV-219 |
| AMAZON STUDIOS LLC, *et al*, | § § | |
| Defendants. | § § | |

# ORDER

Pending before the Court is Defendants Berrellez, Russel, IPC, and Massaria's ("Dismissal Movants") Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 38), in which they argue this Court cannot exercise personal jurisdiction over them and the case should be dismissed or else transferred to the Central District of California (Dkt. No. 38).[1] Specifically, Dismissal Movants argue that Plaintiff cannot meet *Calder's* "subject-and-sources" test (Dkt. No. 38 at 17), because the Last Narc ("the Show") neither relies upon Texas sources nor relates to subject matter in the state of Texas. But the *Calder* test is not the only means to establish personal jurisdiction in a defamation case. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016). "[A] plaintiff can establish that a defamation defendant targeted Texas by relying on other 'additional conduct' through which the defendant" purposefully availed themselves of the Texas market." *TV Azteca*, 490 S.W.3d at 47. The Court's jurisdictional analysis focuses on "the relationship among the defendant, the forum, and the

---

[1] In addition to contesting this Court's jurisdiction, Dismissal Movants request to transfer venue under 28 U.S.C. § 1404(a). Defendant Massaria, however, does not support the transfer of venue and expects this Court to sever Plaintiff's case.

litigation." *Walden v. Fiore*, 571 U.S. 277, 287 (2014) (citing *Calder v. Jones*, 465 U.S. 783, 788 (1984)).

Here, Plaintiff, who relies upon specific personal jurisdiction to hale the objecting Defendants into Court, has provided evidence of "additional conduct." But much of the evidence presented relates to Defendant Tiller Russel's contacts with the state of Texas. The Court is required to look for evidence that *each* of the defendants took "specific and substantial actions" to take advantage of and financially benefit from the Show being distributed in Texas. *TV Azteca*, 490 S.W.3d at 51.

Accordingly, and in preparation for a hearing to be set at a future date, Plaintiff is hereby **ORDERED** to submit briefing by September 8, 2021, outlining how each of the Dismissal Defendants engaged in additional conduct to take advantage of and financially benefit from the Show's distribution in Texas. Defendants may respond by September 22, 2021. The Court is aware that Plaintiff is at a disadvantage when it comes to determining and explaining (1) the exact relationship between Dismissal Movants and Amazon and (2) Dismissal Movants' roles in planning and executing the distribution of the Show. Accordingly, the Parties should make a good faith effort to engage in the necessary jurisdictional discovery.

This matter is **REFERRED** to Magistrate Judge John A. Kazen to set deadlines and establish parameters for any jurisdictional discovery.

It is so **ORDERED**.

**SIGNED** August 12, 2021.

_____
Marina Garcia Marmolejo
United States District Judge