

# DICELLO LEVITT GUTZLER

ONE GRAND CENTRAL PLACE   60 E. 42ND STREET   SUITE 2400   NEW YORK, NEW YORK 10165

F. FRANKLIN AMANAT
FAMANAT@DICELLOLEVITT.COM
646.933.1000 EXT 502
646.678.1737 (CELL)

September 7, 2021

**BY ECF**

The Honorable John A. Kazen
United States Magistrate Judge
Southern District of Texas, Laredo Division
1300 Victoria Street
Suite 2317, Courtroom 2C
Laredo, Texas 78040

      Re:   *Kuykendall v. Amazon Studios et al.*,
             No. 5:20-CV-219 (S.D. Tex.)

Dear Judge Kazen:

      Following yesterday's submissions by the Defendants, we respectfully submit this short follow-up to our motion for clarification (ECF No. 91) of the Court's August 24 order (ECF No. 86) regarding jurisdictional discovery in this matter.

      The response filed by the Movant Defendants (ECF No. 93) did not meaningfully engage with the arguments in our motion for clarification and does not convincingly make the case for the narrow scope of jurisdictional discovery for which those Defendants advocate. All that remains to observe is that the Movant Defendants do not even mention, much less defend, their frivolous position that the August 24 order did not authorize document requests. Movant Defendants therefore appear to have abandoned that position, which was the main impetus for the motion for clarification in the first place. Nevertheless, at a meet and confer this morning, Movant Defendants continued to insist they would not produce any documents unless the Court ordered them to do so. The Court should therefore direct those defendants to respond to the document requests forthwith.

      As for the response filed by Defendant Amazon (ECF No. 94), we make two brief observations. First, Amazon seems to believe that the Court's August 24 order could fairly be read to have stayed Plaintiff's discovery against *Amazon*. We do not view this as a plausible reading of the Order, insofar as (i) Amazon did not contest

jurisdiction against it or otherwise move to dismiss, (ii) Amazon never sought a stay of discovery following service of its answer (and did not have a basis to do so), (iii) the Parties' Rule 29 stipulation following the initial conference in May expressly provided that discovery against Amazon and third-parties would proceed while discovery against Movant Defendants would be temporarily stayed, (iv) Amazon had already begun responding to Plaintiff's discovery requests prior to the August 19 status conference, and (v) Amazon gave no indication at that conference that it sought or expected a stay of discovery against it. Under these circumstances, we view the August 24 order as being clear in staying general (non-jurisdictional) discovery only against the Movant Defendants while allowing such discovery to proceed as before against Amazon and third parties.

Second, Amazon argues that the jurisdictional discovery the Court authorized against the Movant Defendants should not include a deposition of Amazon. The crux of this argument is that "because Amazon Studios does not challenge jurisdiction, Plaintiff has no need to depose an Amazon Studios representative regarding jurisdictional issues." ECF No. 94, at 2. This position is not tenable for at least two reasons. First, because there is no stay of general discovery against Amazon, Plaintiff can pursue discovery and depositions against Amazon in any sequence and at any time, bounded only by the Federal Rules and by this Court's scheduling orders. *See* Fed. R. Civ. P. 26(d)(3). Second, the fact that Amazon does not itself contest jurisdiction is irrelevant to the question whether it can be deposed in connection with jurisdictional discovery relating to its co-defendants. That is, as long as it possesses information, the discovery of which can shed light on or can reasonably lead to the discovery of evidence relating to personal jurisdiction over the Movant Defendants, then a deposition of Amazon is entirely consistent with the jurisdictional discovery authorized by the Court. Such jurisdictional discovery at the least includes inquiry into whether the Movant Defendants took "advantage of and financially benefit[ed] from the Show's distribution in Texas," as well as "(1) the exact relationship between Dismissal Movants and Amazon and (2) Dismissal Movants' roles in planning and executing the distribution of the Show." ECF No. 86, at 2, quoting ECF No. 80, at 2. Amazon assuredly has relevant information on all of these topics as to each of the Movant Defendants. Its request to be excused from a deposition probing such information therefore lacks merit and should be denied.

We sincerely thank the Court for its time and attention to this matter.

Sincerely,

F. FRANKLIN AMANAT
Counsel for Plaintiff

cc:   All parties via ECF