United States District Court
Southern District of Texas

**ENTERED**
September 09, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **JAMES KUYKENDALL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:20-CV-219** |
| | § | |
| **AMAZON STUDIOS, LLC,** *et al.*, | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Plaintiff's letter to the Court seeking clarification of the Court's previous Order. (Dkt. No. 91). The Court construes the letter as a motion.

On March 8, 2021, Defendants Berrellez, Russell, Massaria, and IPC ("Dismissal Movants") previously filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, to Transfer Venue, (Dkt. No. 38). On August 12, 2021, the District Court ordered the Parties to submit briefing on the issue of personal jurisdiction. (Dkt. No. 80 at 2). The District Court further ordered the parties to "make a *good faith* effort to engage in the necessary jurisdictional discovery." ((*Id.* at 2) (emphasis added)). The District Court referred this matter to this Court to set deadlines and "establish parameters for any jurisdictional discovery." (*Id.*).

On August 19, 2021, the Court held a status conference in which the Court "granted leave for Plaintiff to immediately serve written discovery on Defendants." (Dkt. No. 86 at 2 n.1). On August 24, 2021, the Court entered an Order regarding jurisdictional discovery, (Dkt. No. 86). The Court stated, in relevant part, that "in order to allow Plaintiff to conduct *meaningful discovery* on the jurisdictional issues . . . Plaintiff may serve interrogatories [and] . . . take up to six depositions" limited to the jurisdictional issues raised by Dismissal Movants' motion. ((*Id.* at 2) (emphasis added)). In addition, the Court stated that jurisdictional discovery "should generally focus on those issues identified by the District Court." (*Id.*). On September 1, 2021, Plaintiff filed this motion requesting clarification "regarding the scope of jurisdictional discovery permitted by the August 24 order." (Dkt. No. 91 at 2).

a.  **The Types of Jurisdictional Discovery Plaintiff is Allowed to Conduct**

Plaintiff states in his motion that he "served on each of the Dismissal Movants on August 21 a set of interrogatories *and document requests*[.]" ((*Id.* at 1) (emphasis added)). According to Plaintiff's counsel, the Dismissal Movants' counsel have informed him that they refuse to respond to document requests and interpret the Court's August 24, 2021 Order, (Dkt. No. 86), as "having expressly precluded document requests[.]" (Dkt. No. 91 at 2). In their response to Plaintiff's motion for clarification, IPC confirms that they do not interpret this Court's prior Order to authorize Plaintiff to serve requests for production as jurisdictional discovery.[1] (Dkt. No. 93 at 3). Dismissal Movants are correct that the Court's prior Order did specify that Plaintiff could send interrogatories and take six depositions. However, this Court did not intend to foreclose Plaintiff's ability to obtain documents from the Dismissal Movants as part of the jurisdictional discovery. For example, the Court did not specify whether the allowed depositions could be served with a subpoena duces tecum, which of course is just another vehicle for requesting the production of documents. Since the Parties are unable to resolve this dispute by agreement, the Court now **CLARIFIES** that Plaintiff may serve documents requests, such as requests for production of documents and subpoena duces tecum, on Dismissal Movants[2] as part of the jurisdictional discovery.

Defendant Amazon Studios, LLC also filed a response requesting clarification of two points. (Dkt. No. 94). In its prior Order, this Court stayed general discovery pending a status conference on November 17, 2021. (Dkt. No. 86 at 2–3). Since Amazon does not object to personal jurisdiction, they request clarification as to whether this stay applies to them. (Dkt. No. 94 at 2). The Court is baffled that counsel for Amazon and Plaintiff could not resolve that issue by agreement. But, again, to resolve that question, the Court **CLARIFIES** that general discovery between Amazon and Plaintiff is likewise stayed

---

[1] On September 3, 2021, the Court ordered all Defendants to file a response, if any, to Plaintiff's motion, (Dkt. No. 91), by September 6, 2021. (Dkt. No. 92). The Court further stated that failure to respond would be construed as non-opposition. (*Id.* at 1). Only Defendants IPC and Amazon filed responses within the Court's deadline. (Dkt. Nos. 93, 94). Therefore, the Court concludes that the other Defendants in this case are not opposed to Plaintiff's motion.

[2] For further clarification, the Court specifies that Plaintiff may serve document requests as jurisdictional discovery on the Dismissal Movants because it is assumed that Plaintiff has previously served requests for production on Amazon, including requests for documents that might otherwise be relevant to the jurisdictional issues, since those parties have proceeded with general discovery.

until the status conference scheduled for November 17, 2021, **with the exception** that Amazon and Plaintiff shall respond to any written discovery requests served prior to the date of this Order.

Additionally, Amazon requests that Plaintiff not be allowed to depose Amazon regarding jurisdictional issues. (*Id.*). This request is **DENIED**. Plaintiff may depose Amazon on the jurisdictional issues as clarified, *infra*, in this Order. Amazon requests in the alternative that, in the event Plaintiff is allowed to take a jurisdictional deposition of an Amazon representative, that the deposition be limited as to the length of the deposition. (Dkt. No. 94 at 2–3). The Court **GRANTS** this request and limits the deposition to three (3) hours.

b. **The Scope of the Jurisdictional Issues Subject to Discovery**

Plaintiff also seeks clarification of the scope of the facts and issues which the Court intended to be the subject of the jurisdictional discovery. Plaintiff believes that the Court has authorized discovery "into any fact relating to personal jurisdiction, including facts germane to the *Calder* factors and to personal jurisdiction under Texas' long arm statute." (Dkt. No. 91 at 3). The Dismissal Movants argue that the scope of jurisdictional discovery is more narrow and "limited to two areas of inquiry: (1) the exact relationship between Dismissal Movants and Amazon and (2) Dismissal Movants' roles in planning and executing the distribution of the Show." ((Dkt. No. 93 at 3) (internal quotations and emphasis omitted)).

The Court agrees with the Dismissal Movants. This Court has previously stated that the jurisdictional discovery "should generally focus" on the two issues of: (1) the exact relationship between Dismissal Movants and Amazon and (2) Dismissal Movants' roles in planning and executing the distribution of the Show. (Dkt. No. 86 at 2). The District Court also previously stated that Plaintiff may be disadvantaged in determining and explaining these specific issues. (Dkt. No. 80 at 2). This Court was attempting to avoid splitting hairs on exactly what questions, and precisely what discovery, is pertinent to these two issues by stating that the jurisdictional discovery "should generally focus" on these issues. Yet the Parties were able to generate a dispute over the Court's language. Accordingly, the Court **CLARIFIES** that the jurisdictional discovery is limited to the two issues of: (1) the exact relationship between Dismissal Movants and Amazon and (2)

Dismissal Movants' roles in planning and executing the distribution of the Show.

In summary, the Court **CLARIFIES** its previous Order, (Dkt. No. 86), as follows:

1. The written discovery that Plaintiff is allowed to serve on the Dismissal Movants regarding jurisdictional issues includes document requests, such as requests for production of documents and subpoenas duces tecum.

2. The scope of jurisdictional discovery is limited to: (1) the exact relationship between Dismissal Movants and Amazon and (2) Dismissal Movants' roles in planning and executing the distribution of the Show.[3]

3. All general discovery as to all parties is stayed, except that Defendant Amazon Studios, LLC and Plaintiff shall respond to any written discovery previously served on them. Further, any jurisdictional deposition of an Amazon representative, shall be limited to three (3) hours.

It is so **ORDERED**.

**SIGNED** on September 9, 2021.

John A. Kazen
United States Magistrate Judge

---

[3] In its response, Defendant IPC raised concerns regarding the scope of Plaintiff's jurisdictional discovery requests and the Parties' disagreement as to that scope. (Dkt. No. 93 at 3 n.3). However, absent an appropriate motion—made after a good faith effort to resolve the discovery dispute—that issue is not properly before the Court at this time.