United States District Court
Southern District of Texas
**ENTERED**
September 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAMES KUYKENDALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-CV-219 |
| | § | |
| AMAZON STUDIOS, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

Before the Court is the parties' Proposed Stipulation and Protective Order, (Dkt. No. 87). This Court construes this as a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(c)(1). The Parties have informed the Court that a Protective Order is needed to "facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights." (*Id.* at 1).

Therefore, the Court hereby **ORDERS** as follows:

1. This Stipulation and Protective Order (the "Order") shall apply to information, documents, excerpts from documents, and other materials produced by the Parties in this action pursuant to the Federal Rules of Civil Procedure governing disclosure and discovery.

2. Information, documents, and other materials may be designated by the producing party in the manner permitted. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL" or (b) "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

3. "CONFIDENTIAL" information means information, documents, or things that are not public as of the date of this Protective Order, are not made public by any party as prohibited by the terms of this Protective Order, and

that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) confidential or proprietary business information, including but not limited to research, technical, commercial, or financial information, or (c) information implicating an individual's legitimate expectation of privacy.

4. "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to an individual other than counsel of record in this matter could result in significant harm to an individual or entity.

5. Unless otherwise stipulated to by the Parties or ordered by the Court, Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

    a. Material designated "CONFIDENTIAL" may be disclosed to: the Court and its personnel under such other safeguards as the Court may require in order for Designated Material to be used or introduced at any proceeding; counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff; parties to this action and directors, officers and employees of parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement; court reporters and their staff recording proceedings in this action; witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, and in no event shall a witness retain any Designated Material or any copies thereof, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; an outside expert for the purpose of obtaining the expert's assistance in the litigation, provided disclosure is necessary

    for litigation of this action and such expert agrees to be bound by this Protective Order by signing a document substantially in the form of Exhibit A; any person identified on the face of any such Designated Material as any author or recipient thereof, or who is determined who have been an author and/or previous recipient of the Designated Material, but who is not identified on the face thereof; any person whom counsel for all Parties collectively agree should have access to such materials and who agrees to be bound by the terms of this Protective Order by signing a document substantially in the form of Exhibit A; and/or copying services, translators, and litigation support firms, including but not limited to jury consultants and document management companies, provided disclosure is necessary for litigation of this action.

    b. Material designated "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" may be disclosed to counsel of record and in-house counsel for parties to this action and their associates, paralegals, and regularly employed office staff who, by nature of counsel's signature below, are bound by this Order; and to the Court and its personnel at any stage under such other safeguards as the Court may require in order for Designated Material to be used or introduced at any proceeding.

6. Whenever any Designated Material is disclosed or used at a deposition or other proceeding in this action, (i) each portion of any such testimony in which the Designated Material is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such Designated Material; and (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "CONFIDENTIAL," and shall thereafter be deemed to be fully subject to the provisions of this Protective Order.

7. A person having custody of Designated Material shall maintain it in a

manner that limits access to the Designated Material to persons permitted such access under this Order.

8. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

9. Documents shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. In the case of transcripts of depositions, other pretrial testimony, and trial testimony, counsel for the designating Party may designate information as confidential by a statement on the record, or in writing to all Parties' counsel anytime within 30 days after the testimony is transcribed and submitted for review to identify the specific portions of the testimony as to which protection is sought. For items or information in some form other than documentary, and for any other tangible items, the party designating the information shall affix in a prominent place on the exterior of the container, disk, or other media in which the item or information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY."

10. Any non-party producing its own material pursuant to a subpoena or otherwise may also designate items as "CONFIDENTIAL" and/or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" at the time of production, and such designation will have the full effect given to such labels by this Order. If any Party chooses to challenge a non-party's designation of Designated Materials, it shall do so under the procedures set forth in FED. R. CIV. P. 37(a) and this Order, and the producing non-party, or any other Party, may oppose that challenge. However, nothing herein shall be deemed to permit a non-party to review or obtain any Designated Materials by any Party or other non-party in the absence of agreement of the Parties or a court order. In the event that any Designated Materials received by a Party through this litigation may be responsive to a subpoena served by a non-

party, that receiving Party will promptly notify the producing Party in writing and will not produce any documents or items containing such Designated Material for another 10 days to allow the producing Party to file a motion to quash, in which event no such Designated Material will thereafter be produced absent agreement of the Parties or a court order. Additionally, a Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY" any of its own information held by a non-party and being produced pursuant to a subpoena or otherwise.

11. The parties will use reasonable care to avoid designating as confidential documents or information that does not need to be designated as such.

12. A party may submit a request in writing to the party who produced Designated Material that the designation be modified or withdrawn. If the producing party does not agree to the redesignation within fifteen business days, the objecting party may apply to the Court for relief. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the producing party in an effort to resolve the matter. Notwithstanding an application to the Court for relief, the challenging Party shall continue to treat the Designated Material in question as Confidential Information until all appeals of any ruling on the motion have been exhausted.

13. Inadvertent production of confidential material prior to its designation as such in accordance with this Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

14. This Order is made without diminishing any Party's ability to disclose its own Designated Material as it pleases.

15. This Order may only be modified by the Court or by written agreement of all Parties.

16. The provisions of this Order shall continue to be binding upon all Parties

and counsel in perpetuity.

17. If portions of Designated Materials or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

    a. CONFIDENTIAL

       IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 5 OF THE PROTECTIVE ORDER.

18. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

It is so **ORDERED**.

**SIGNED** on September 10, 2021.

_____
John A. Kazen
United States Magistrate Judge